■ EMIL J. KAYSER, Respondent, v. ROBERT HORTON, Appellant.— Motion for stay denied. Memorandum: The application for a stay at this juncture of the action should be denied. "Ordinarily, the discretion of the court in reference to ordering a stay sought on the ground of another action pending cannot be exercised properly until after issue has been joined. Until then the necessity or advisability of a stay is not likely to appear. Until both actions are fully at issue, it is impossible to say that a determination in one action will dispose of the other, which determination, as hereinafter appears, should control the right to a stay." (3 Carmody-Wait 2d, New York Practice, § 22:18.) Although the courts are willing to grant a stay on occasion even when issue is not joined (see *Research Corp.* v. *Singer-Gen. Precision*, 36 A D 2d 987) the present case does not appear to warrant such discretion by this court. There is no other action "pending" in the conventional sense but merely the hope or the expectation of a Federal patent interference. We can only speculate on the boundaries of the present action due to the lack of pleadings on the part of defendant and an identity of causes and parties required for such a stay could only be the result of conjecture. The exercise of a State court's power to stay proceedings therein until determination of an action pending in a Federal court sitting in this State is not a matter of right, but a matter of comity, orderly procedure and judicial economy and discretion (see also, 3 Carmody-Wait 2d, New York Practice, § 22.21). In order for a court of this State to properly exercise its discretion in staying an action therein until the determination of an action pending in the Federal court, it should appear

that the Federal court action was brought in good faith and has been prosecuted with due diligence, and that neither party will suffer any undue detriment or gain an undue advantage over his adversary by reason of having the action determined by the Federal court. From the above it can be seen that defendant can satisfy none of these requirements. He refuses to answer for reasons of strategy. The plaintiff's action was prior in time and may resolve the whole issue by clarifying the possible employer-employee relationship. To ask plaintiff, in this situation, to trust defendant and wait for defendant's action to come to trial, if ever, would be an unwarranted exercise of discretion. Present — Goldman, P. J., Del Vecchio, Marsh, Witmer and Moule, JJ.